UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN STANLEY,

    Plaintiff,                             Hon. Jane M. Beckering

v.                                        Case No. 1:24-cv-145

CITY OF KALAMAZOO, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Bronson Physician John Doe's Motion to Dismiss (ECF No. 75) and the Kalamazoo Department of Public Safety (KDPS) Defendants' Motion to Dismiss (ECF No. 77). Plaintiff has not responded to the motions within the time provided by Western District of Michigan Local Civil Rule 7.2(c). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant Bronson Physician John Doe's motion be granted as to the federal claims and that the Court decline to exercise supplemental jurisdiction over the state law claims. The undersigned further recommends that the KDPS Defendants' motion be granted and that this case be terminated.

## BACKGROUND

Plaintiff filed this action against more than fifty Defendants, claiming that they conspired to discriminate against him because of his disability and to retaliate against him. (ECF No. 28). On March 21, 2025, the Court dismissed nearly all of

Plaintiff's claims, except the claims against Bronson Physician John Doe, KDPS Officer John Doe 3, and KDPS Officer John Doe 4. (ECF No. 70).  At the time of the opinion, these three Defendants had not yet been served and had not joined any motion to dismiss.

On April 14, 2025, the undersigned held a status conference. (ECF No. 72). Following the status conference, the Court ordered Plaintiff to serve the last three remaining Defendants within 28 days.  (ECF No. 73).  On April 22, 2025, Bronson Physician John Doe—now identified as Julian Garcia—entered a waiver of service and subsequently filed a motion to dismiss. (ECF No. 74, 75).  Plaintiff has still not served KDPS Officer John Doe 3 or KDPS Officer John Doe 4, and the KDPS Defendants filed a motion to dismiss based on lack of prosecution. (ECF No. 77, 78).

## ANALYSIS

### I.     Bronson Physician John Doe

Defendant Bronson Physician John Doe moves for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The motion is nearly identical to the Bronson Defendants' previously-filed motion to dismiss.  (*See* ECF No. 32). Plaintiff has not responded to Bronson Physician John Doe's motion to dismiss.  In the opinion of the undersigned, the Court should adopt the reasoning in its March 21, 2025 Opinion and Order (ECF No. 70), which granted the Bronson Defendants' motion to dismiss.  Specifically, Bronson Physician John Doe is not a state actor and there is no allegation to support a conclusion that Bronson Physician John Doe

-2-

conspired with any government agency. (*Id.* at PageID.964-967). Accordingly, the undersigned recommends that the motion to dismiss be granted as to the federal claims. (*Id.*) In addition, the undersigned recommends that the Court decline to exercise supplemental jurisdiction over the state-law claims for the reasons stated in the Court's March 21 Opinion and Order. (*Id.* at PageID.983-985).

## II.  KDPS Officers John Doe 3 and John Doe 4

Rule 4(c) of the Federal Rules of Civil Procedure provides that "[a] summons must be served together with a copy of the complaint." The time frame within which service must be effected is set forth in Rule 4(m), which provides that if service of the summons and complaint is not made upon a defendant within 90 days after the filing of the complaint, "the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." If the plaintiff demonstrates good cause for such failure, however, the court "must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Plaintiff filed the amended complaint on June 14, 2024. (ECF No. 28). On April 14, 2025, the Court ordered Plaintiff to serve the amended complaint within 28 days. (ECF No. 73). Plaintiff has failed to do so. Furthermore, he has neither requested an extension of time to effect service nor requested the Court's assistance in identifying these individuals. Considering Plaintiff's lack of diligence, the undersigned recommends that the Court grant the KDPS Defendants' Motion to

Dismiss and dismiss Plaintiff's claims against KDPS Officers John Doe 3 and John Doe 4 without prejudice for failure to timely effect service.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendant Bronson Physician John Doe's Motion to Dismiss (ECF No. 75) be granted as to the federal claims and that the Court decline to exercise supplemental jurisdiction over the state law claims. The undersigned further recommends that the KDPS Defendants' Motion to Dismiss (ECF No. 77) be granted and that this case be terminated.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: July 16, 2025

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge